**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debora Bryant,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CV-08-01452-PHX-FJM<br><br>**ORDER** |

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of the Social Security Administration's decision denying her continuing disability status. We have before us plaintiff's motion for summary judgment, statement of facts, and memorandum of points and authorities (docs. 11, 12, & 13), and defendant's answering brief (doc. 16).

In 2002, plaintiff was found to be disabled due to carpel tunnel syndrome and cervical bulging discs. In December 2004, the Social Security Administration determined that plaintiff's disability had improved and that she was no longer entitled to benefits. The Administration's decision was upheld by a disability hearing officer in July 2005, and plaintiff requested review by an Administrative Law Judge ("ALJ"). After a June 8, 2006 hearing, the ALJ concluded that plaintiff's disability had ended on December 1, 2004. This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on July 8, 2008.

An ALJ's decision to deny or award benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). Plaintiff claims that the ALJ made a legal error by improperly rejecting a medical assessment completed by her treating physician, B. Badihian, D.O., in November 2005.[1] In his assessment, Dr. Badihian concluded that plaintiff was able to sit and stand or walk for a total of six hours in an eight hour work day in four hour increments, bend, squat, crawl, climb, and reach frequently, and lift up to five pounds occasionally, but was not able to perform continuous pushing and pulling of controls or fine manipulations. Tr. at 496-98. Dr. Badihian also concluded that plaintiff's activities were limited by moderately severe pain. Id.

The ALJ considered Dr. Badihian's assessment, but ultimately did not give it substantial weight. Id. at 17. The ALJ determined that the assessment was too restrictive in light of other objective medical evidence and was contradicted by the opinion of a treating orthopedic surgeon, Dr. Scott A. Graham. Id. Although generally given deference, a treating physician's opinion may be rejected where the opinion is "brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted); see also Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004). Nothing in the record indicates the bases for Dr. Badihian's assessment, and the ALJ's determination was based on other substantial evidence. We conclude, therefore, that the ALJ did not err in rejecting Dr. Badihian's opinion where, as here, it was conclusory and unsupported by objective medical information.

Plaintiff also argues that the ALJ erred by misreading a CT scan of her neck performed in 2003. The ALJ remarked that the 2003 CT scan "was normal," Tr. at 14, but according to plaintiff, the CT scan showed only soft tissue and "cannot be construed as

---

[1]Plaintiff also refers to a prescriptive note authored by Dr. Badihian in September 2005, which comments that "Mrs. Bryant [has] been placed on total disability." Tr. at 531. We need not address this note because it is an observation on plaintiff's status rather than a medical opinion.

defining no abnormalities to the cervical spine." Motion for Summary Judgment at 6. The ALJ's reference to plaintiff's 2003 CT scan, however, was included with his finding that plaintiff suffered from cervical degenerative disc disease as of December 1, 2004. Plaintiff has failed to address how her cervical spine issues affect her ability to perform light work. Plaintiff has not set forth, and there is no evidence in the record of, any functional limitations as a result of bulging cervical discs that the ALJ failed to consider. See Burch v. Barnhart, 400 F.3d 676, 684 (9th Cir. 2005).

Plaintiff also claims that it was error for the ALJ to fail to consider, or include with the record, a cervical MRI performed in August 2006 submitted after her hearing but before the ALJ's decision.[2] Remand for consideration of new evidence is appropriate only where plaintiff can show: (1) that new material evidence is available; and (2) good cause for having failed to present the evidence earlier. 42 U.S.C. § 405(g); Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). Regardless of whether plaintiff would be able to show good cause, plaintiff cannot establish that the August 9, 2006 MRI is material. To meet the burden on materiality, plaintiff must show "that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." Mayes, 276 F.3d at 462. Even if the 2006 MRI had been part of the record before the ALJ, substantial evidence supports the ALJ's findings and inferences. Moreover, plaintiff has again failed to address how these degenerative changes affect her functional abilities or would have changed the ALJ's decision.

Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for summary judgment (doc. 11). The decision of the Commission is affirmed.

DATED this 10th day of July, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

[2] Plaintiff referenced this evidence in her letter to the Appeals Council, but it was not mentioned in the Appeals Council's July 8, 2008 decision.

- 3 -